# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| TENISHA PECK o/b/o A.M., a minor, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 1:14-cv-01252-STA-dkv |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**ORDER REVERSING THE DECISION OF THE COMMISSIONER AND REMANDING PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G)**

Plaintiff Tenisha Peck, mother of A.M, a minor, filed this action to obtain judicial review of Defendant Commissioner's final decision denying the application of A.M. for childhood Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act ("the Act"). The application was denied initially and upon reconsideration by the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on April 13, 2013. On May 23, 2013, the ALJ issued a decision, finding that A.M. was not entitled to benefits. The Appeals Council denied Plaintiff's request for review, and, thus, the decision of the ALJ became the Commissioner's final decision. For the reasons set forth below, the decision of the Commissioner is **REVERSED**, and the action is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

Prior to filing the application at issue in this case, Plaintiff filed another claim on behalf of A.M. ("first application"), which was denied in a written decision on March 28, 2011. The second application for benefits, which is now under review in this Court, was filed while the first

application was pending before the Appeals Council. When the Appeals Council denied the request for review of the denial of the first application, Plaintiff filed a complaint in District Court, civil matter 1:12-cv-01240-JDT, seeking review of the ALJ's decision. On April 22, 2015, the Court entered an order affirming the ALJ's decision on Plaintiff's first application. The parties agree that, at the time of the ALJ's decision on Plaintiff's second application, there had been no final decision on the first application.[1]

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he or she was a party. The Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[2] The Court's review is limited to determining whether there is substantial evidence to support the Commissioner's decision[3] and whether the correct legal standards were applied.[4] When substantial evidence does not support the ALJ's factual findings or when the correct legal standards were not applied, the case can be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration."[5]

Pursuant to sentence four, a District Court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of

---

[1] Plaintiff filed the first application for benefits on March 24, 2009, with an alleged onset date of February 1, 2009. The second application was filed on May 17, 2011, with an alleged onset date of November 19, 2009.

[2] 42 U.S.C. § 405(g).

[3] *Id.*

[4] *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

[5] *Faucher v. Secretary*, 17 F.3d 171, 175 (6th Cir. 1994).

Social Security, with or without remanding the cause for a rehearing." The Court may immediately award Plaintiff benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."[6] "A judicial award of benefits is proper only [when] the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking."[7] These factors are not present in this case, and, therefore, an immediate award of benefits is not appropriate. However, a remand pursuant to sentence four of § 405(g) is appropriate because all essential issues have not been resolved and the proper legal rules were not followed.

A.M. was born on November 10, 1996. She attended regular classes at school but was referred to an alternative school for behavioral problems. She has no work history. She alleges disability due to Attention Deficit Hyperactivity Disorder ("ADHD"), emotional and behavioral problems, anxiety, and depression. Because this is a childhood SSI claim, insured status is not in question.

The ALJ made the following findings: (1) A.M. was an adolescent on the date that the application was filed and was still an adolescent on the date of the decision; (2) A.M. had not engaged in any substantial work activity since the application date; (3) A.M. has severe impairments of intermittent explosive disorder and oppositional defiant disorder ("ODD"); however, she does not have an impairment listed in, medically equal to, or functionally equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1; (4) A.M. does not have any

---

[6] *Id.* at 176 (citations omitted).

[7] *Id.*

impairment or combination of impairments that functionally equal the severity of the listings; (5) A.M. was not disabled at any time since the application was filed.[8]

The Welfare Reform Act amended certain provisions of the Social Security Act relating to SSI applications by children as follows:

> An individual under the age of 18 shall be considered disabled for purposes of this title if that individual has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months.[9]

The Social Security Administration ("SSA") has promulgated final rules implementing this provision. The rules establish a three step sequential evaluation for determining childhood disability such that the SSA considers (1) whether the child is working; (2) whether the child has a medically determinable severe impairment which is expected to result in death, has lasted or is expected to last for a continuous period of not less than twelve months and, if so, (3) whether the impairment or combination of impairments meets, medically equals, or functionally equals the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings").[10] A child will be found disabled if he or she has an impairment or combination of impairments which meet, equal, or functionally equal any impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1, Listing of Impairments.

In the present case, the ALJ determined that A.M. has severe impairments of intermittent explosive disorder and ODD but does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments, and she does not functionally equal

---

[8] R. 22 – 34.

[9] 42 U.S.C. § 1382c(a)(3)(C)(i).

[10] 20 C.F.R. § 416.924.

the listings. Therefore, A.M. was not disabled as defined in the Act since the date of the application. In his decision, the ALJ acknowledged Plaintiff's first application on behalf of A.M., stated that a final decision had been rendered in that case, and determined that, under *Drummond*, *Dennard*, and the related acquiescence rulings, he was "bound by the residual capacity and other vocational information found in the prior final decision, absent evidence of a significant change in the claimant's medical condition during a relevant period."[11]

Plaintiff contends that the ALJ erred (1) in applying the res judicata principles announced in *Drummond v. Comm'r of Social Sec.*, 126 F.3d 837 (6th Cir. 1997), AR 98-4(6), *Dennard v. Sec. of Health & Human Servs*, 907 F.2d 598 (6th Cir. 1990), and AR 98-3(6); (2) in his weighing of the medical evidence; (3) in failing to find that A.M.'s impairments satisfied the elements of any listing; and (4) in his credibility determination. Because the Court finds Plaintiff's *Drummond* argument to be persuasive, the Court need not decide Plaintiff's remaining arguments.

Plaintiff contends that *Drummond*, *Dennard*, AR 98-4(6), and AR 98-3(6) do not apply generally in childhood SSI cases and are also not applicable in this particular case because the decision as to A.M.'s first application had not become final at the time of the second ALJ decision, contrary to the statement made by the ALJ. Because the Commissioner's brief did not address these arguments, the Court ordered the Commissioner to file a supplemental brief. The supplemental brief was filed on September 11, 2017.[12] While the Commissioner agrees that *Dennard* and AR 98-3(6), which involve determinations of past relevant work and assessment of

---

[11] R. 19.

[12] (Comm'r Supp. Br., ECF No. 20.)

vocational factors, do not apply in childhood disability cases,[13] she contends that *Drummond* and AR 98-4(6) do apply.

In *Drummond*, the Sixth Circuit held that principles of res judicata apply to both Social Security claimants and the Commissioner.[14] Absent evidence of "changed circumstances" relating to a claimant's condition, "a subsequent ALJ is bound by the findings of a previous ALJ."[15] Accordingly, when an ALJ seeks to deviate from a prior ALJ's decision, "[t]he burden is on the Commissioner to prove changed circumstances and therefore escape the principles of res judicata."[16] The SSA issued Acquiescence Ruling 98-4(6) after *Drummond*:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.[17]

Thus, when a claimant seeks to avoid application of a prior ALJ's finding, he or she must produce evidence demonstrating that his or her condition has worsened since the time of the prior determination.[18]

---

[13] (*Id.* at p. 3.)

[14] *Drummond*, 126 F.3d at 841–42.

[15] *Id.* at 842.

[16] *Id.* at 843.

[17] AR 98–4(6), 1998 WL 283902, at *3 (June 1, 1998). Although *Drummond* was a Title II case, AR 98-4(6) applies to both Title II and Title XVI disability claims. *Id.*

[18] *See, e.g., Caudill v. Comm'r of Soc. Sec.*, 424 F. App'x 510, 515 (6th Cir. 2011) (holding that an ALJ was justified, under *Drummond*, in adopting a previous ALJ's finding that the claimant had a limited education because the claimant "introduced no new or additional evidence with respect to illiteracy versus limited education.")

According to the Commissioner, AR 98-4(6) applies "to a finding of a claimant's residual functional capacity or other finding required at a step in the sequential evaluation process for determining disability provided under 20 C.F.R. 404.1520, 416.920 or 416.924." Because 20 C.F.R. § 416.924 outlines the procedures for determining disability in children, the Commissioner reasons that *Drummond* and AR 98-4(6) apply to childhood SSI claims. However, the Commissioner acknowledges that a final decision had not been made on Plaintiff's first application on behalf of A.M. at the time of the second ALJ decision, as required by *Drummond* and AR 98-4-(6).

The Commissioner argues that the ALJ's application of *Drummond* and AR 98-4-(6) in the absence of a final decision was harmless error because substantial evidence supports the second ALJ decision. The Commissioner is correct that judicial review of the denial of a disability claim contemplates a harmless error analysis,[19] and, generally, the Court will affirm the Commissioner's decision if is supported by substantial evidence in the administrative record.[20] But, even if "substantial evidence otherwise supports the decision of the Commissioner," reversal is required when the agency fails to follow its own rules.[21] Although in some circumstances a violation of certain rules may be deemed harmless error,[22] those circumstances

---

[19] *See Shkabari v. Gonzales*, 427 F.3d 324, 328 (6th Cir. 2005) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.")

[20] *See*, *e.g.*, *Cox v. Astrue*, 2008 WL 2478226 at *4 (W.D. Ky. June 18, 2008).

[21] *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). *See also Cole v. Astrue*, 661 F.3d 931, 939 – 40 (6th Cir. 2011) (The "ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even [when] the conclusion of the ALJ may be justified based upon the record.")

[22] *See*, *e.g.*, *Wilson*, 378 F.3d at 547 (finding that a violation of the [treating physician] rule might be "harmless error" if (1) "a treating source's opinion is so patently deficient that the

7

are not present in this case. Therefore, a remand is necessitated for further proceedings so that the ALJ can apply the proper legal standards.[23]

Accordingly the decision of the Commissioner is **REVERSED**, and the action is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for another hearing consistent with this order.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: September 14, 2017.

---

Commissioner could not possibly credit it;" (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion;" or (3) when "the Commissioner has met the goal of § 1527(d)(2) - the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation.")

[23] *C.f, Gay v. Comm'r of Soc. Sec.*, 520 F. App'x 354, 358 (6th Cir. 2013) ("If an ALJ intends to reopen prior decisions, he or she should say so, say why, and cite the appropriate regulation that permits reopening. If an ALJ intends instead to adjudicate only the subsequent period in light of changed circumstances, he or she should make this approach clear and cite the appropriate cases and acquiescence rulings. Regardless of which path the ALJs take, they must clearly state their approach.")